No. 12-15737

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

MICHAEL E. DAVIS, aka Tony Davis, et al.,

*Plaintiffs-Appellees,*

v.

ELECTRONIC ARTS INC.,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
The Honorable Richard Seeborg
Case No. 10-cv-03328-RS

---

## MOTION OF 27 INTELLECTUAL PROPERTY AND
## CONSTITUTIONAL LAW PROFESSORS FOR LEAVE TO FILE
## *AMICI CURIAE* BRIEF IN SUPPORT OF DEFENDANT-
## APPELLANT'S PETITION FOR REHEARING EN BANC

---

Jennifer E. Rothman
Loyola Law School
919 Albany St.
Los Angeles, CA 90015
(213) 736-2776
jennifer.rothman@lls.edu

Eugene Volokh
UCLA School of Law
405 Hilgard Ave.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

Attorneys for *Amici Curiae*

## MOTION

1. This case turns on a fundamental question: what limits does the First Amendment place on the right of publicity, at least outside the context of commercial advertising?

2. This is a largely novel question (focusing on non-commercial-advertising speech, and thus setting aside the discussion in *White v. Samsung Electronics Am., Inc.*, 971 F.2d 1395 (9th Cir. 1992), and *White v. Samsung Electronics Am., Inc.*, 989 F.2d 1512 (9th Cir. 1993) (Kozinski, J., dissenting from denial of rehearing en banc). Though cases such as *Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2010), touched on this question in some measure, this Court had not deeply delved into it until *In re NCAA Student-Athlete Name & Likeness Licensing Litigation* ("*Keller v. Electronic Arts*"), 724 F.3d 1268 (9th Cir. 2013), the case on which the panel decision in this case relies. No petition for rehearing en banc was filed in *Keller*. Whether or not to revisit *Keller* is therefore something that this Court must consider for the first time.

3. This First Amendment question is also quite complex. Other circuits, as well as state supreme courts, have confronted it and given

1

markedly different answers; the proposed *amici* brief discusses some of those answers. Moreover, as the brief discusses, though *Keller* and the decision below purport to adopt the California Supreme Court's approach to the First Amendment question, they actually end up substantially departing from that approach.

4. The question is also practically important. As the proposed *amici* brief discusses, the question arises not just with video games, but with films, books, songs, television programs, and more. Content-creation industries, many of which are largely headquartered in the Ninth Circuit, need guidance about what materials they are or are not free to publish.

5. And proposed *amici* are particularly knowledgeable about this question, as well as the more specific points raised in the proposed brief. They are professors of intellectual property law and constitutional law who have taught or written about the freedom of speech and the right of publicity; here is a complete list of their names and institutional affiliations (the latter listed for identification purposes only):

Jack Balkin                    Yale Law School
Barton Beebe                   NYU School of Law
Stacey L. Dogan                Boston Univ. School of Law
Gregory Dolin                  Univ. of Baltimore School of Law
Eric M. Freedman               Hofstra Univ. School of Law
Brian L. Frye                  Univ. of Kentucky College of Law

2

| | |
|---|---|
| William T. Gallagher | Golden Gate Univ. School of Law |
| Jon M. Garon | Nova Southeastern Univ. Law Center |
| Jim Gibson | Univ. of Richmond School of Law |
| Eric Goldman | Santa Clara Univ. School of Law |
| Stacey M. Lantagne | Univ. of Mississippi School of Law |
| Mark A. Lemley | Stanford Law School |
| Lawrence Lessig | Harvard Law School |
| Raizel Liebeler | John Marshall Law School |
| Barry P. McDonald | Pepperdine Univ. School of Law |
| Tyler Ochoa | Santa Clara Univ. School of Law |
| Aaron Perzanowski | Case Western Reserve Univ. School of Law |
| Lisa P. Ramsey | Univ. of San Diego School of Law |
| Martin H. Redish | Northwestern Univ. School of Law |
| Betsy Rosenblatt | Whittier Law School |
| Jennifer E. Rothman | Loyola Law School, Los Angeles |
| Steven H. Shiffrin | Cornell Univ. School of Law |
| Christopher Jon Sprigman | NYU School of Law |
| Geoffrey R. Stone | Univ. of Chicago Law School |
| Rebecca Tushnet | Georgetown Univ. Law Center |
| Eugene Volokh | UCLA School of Law |
| David Welkowitz | Whittier Law School |

Some of their articles that discuss limits on the right of publicity include:

- Stacey Dogan & Mark A. Lemley, *What the Right of Publicity Can Learn from Trademark Law*, 58 Stan L. Rev. 1161 (2006).

- William T. Gallagher, *Strategic Intellectual Property Litigation, the Right of Publicity, and the Attenuation of Free Speech: Lessons from the Schwarzenegger Bobblehead Doll War (and Peace)*, 45 Santa Clara L. Rev. 581 (2005).

3

- Jon M. Garon, *Playing in the Virtual Arena: Avatars, Publicity, and Identity Reconceptualized Through Virtual Worlds and Computer Games*, 11 Chap. L. Rev. 465 (2008).

- Jon M. Garon, *Beyond the First Amendment: Shaping the Contours of Commercial Speech in Video Games, Virtual Worlds, and Social Media*, 2012 Utah L. Rev. 607.

- Bruce P. Keller & Rebecca Tushnet, *Even More Parodic than the Real Thing: Parody Lawsuits Revisited*, 94 Trademark Rep. 979 (2004).

- Mark A. Lemley & Eugene Volokh, *Freedom of Speech and Injunctions in Intellectual Property Cases*, 48 Duke L.J. 147 (1998).

- Lisa P. Ramsey, *Intellectual Property Rights in Advertising*, 12 Mich. Telecomm. & Tech. L. Rev. 189 (2006).

- Jennifer E. Rothman, *Copyright Preemption and the Right of Publicity*, 36 U.C. Davis L. Rev. 199 (2002).

- Jennifer E. Rothman, *The Inalienable Right of Publicity*, 101 Geo. L.J. 185 (2012).

- Eugene Volokh, *Freedom of Speech and the Right of Publicity*, 40 Hous. L. Rev. 903 (2003).

4

- David S. Welkowitz & Tyler T. Ochoa, *The Terminator as Eraser: How Arnold Schwarzenegger Used the Right of Publicity to Terminate Non-Defamatory Political Speech*, 45 Santa Clara L. Rev. 651 (2005).

- David S. Welkowitz & Tyler T. Ochoa, *Celebrity Rights: Rights of Publicity and Related Rights in the United States and Abroad* (Carolina Academic Press 2010).

- David S. Welkowitz, *Catching Smoke, Nailing Jell-O to a Wall: The Vanna White Case and the Limits of Celebrity Rights*, 3 J. Intell. Prop. L. 67 (1995).

- David S. Welkowitz, *Privatizing Human Rights? Creating Intellectual Property Rights from Human Rights Principles*, 46 Akron L. Rev. 675 (2013).

6. For these reasons, proposed *amici* believe that their brief—which deals squarely with the core question presented in this case—would be useful to this Court's deliberations, and they therefore seek this Court's leave to file the brief.

Dated: Jan. 29, 2015

> s/ Eugene Volokh
> Attorney for Proposed *Amici Curiae*
> Law Professors

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Appellant's Opening Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on Jan. 29, 2015.

All participants in the case are registered CM/ECF users, and will be served by the appellate CM/ECF system.

Dated: Jan. 29, 2015

<div style="margin-left: 40%">

s/ Eugene Volokh
Attorney for Proposed *Amici Curiae*
Law Professors

</div>